Per Curiam.

Our statute of limitations excepts “ actions which concern the trade of merchandise between merchants.” These words are not so broad as to warrant' a departure from the adjudications which have been made on the English act. These words, like those of the statute of James, must be confined to actions on open or current accounts; they do no not extend to accounts stated. It must be a direct concern of trade; liquidated demands, or bills and notes, which are only traced up to the trade of merchandise, are too remote to come within this description. To adopt the construction contended for on the part of the plaintiff, might be found very in *203 convenient, and the phraseology of the act does not au-thorise us to suppose, that the framers of it intended so important an alteration. The demurrer must, therefore, be considered as well taken; but the plaintiff has leave to withdraw his replication, or amend, on pa yment of costs, (a)
Judgment for the defendant.

 Vide 2 Saund. 124. 5 Cranch, 15, and 14 John. Rep. 479. where this doctrine is commented upon, and fully sustained.
The exceptions in favour of merchants in the statute of limitations of Virginia, applies as well to actions of assumpsit as to actions of account. 6 Cranch, 15. Where an account has been of long standing, and the last item in it entered more than six years, yet if there has not been an actual settlement, it is to be considered a running acconnt, and not barred by the statute, Franklin v. Camp, 1 Cox, 196.